DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
JAMES F. HANNAWALT, State Bar #139657
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3913
Facsimile:     (415) 554-3837
E-Mail:        james.hannawalt@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PINEDA, an individual, TITA GUZMAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV11-0457 SBA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING AT TRIAL FOR FAILURE TO PROVIDE A SUFFICIENT RULE 26 REPORT**<br><br>Hearing Date:   February _, 2012<br>Time:           1 pm<br>Place:          1301 Clay Street, Oakland<br>                Courtroom 1, 4th Floor<br><br>Trial Date:     June 4, 2012 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on Tuesday, February ___, at 1:00 p.m. or as soon thereafter as this matter may be heard, before the Honorable Saundra Brown Armstrong, United States District Court, 1301 Clay Street, Courtroom 1 4th Floor, California, Defendant City and County of San Francisco, move the Court for an order pursuant to Federal Rules of Civil Procedure 26 and 37, that plaintiffs' retained experts John Casaus and Dr. Belaga be excluded from testifying at trial, and that

plaintiff's non-retained experts be excluded from testifying at trial. In the alternative, defendant requests that:

    (i) plaintiff immediately produce Mr. Casaus's list of cases in which he testified as an expert at trial or by deposition within the preceding four years and then make him available for deposition;

    (ii) plaintiff immediately produce Dr. Belaga's list of cases in which he testified as an expert at trial or by deposition within the preceding four years, provide a statement of all the information upon which his opinion is based, and exclude at trial any opinion that plaintiff's detention was a legal cause of plaintiff's current complaints, and then make him available for deposition;

    (iii) plaintiff immediately produce a statement of the "facts and opinions to which the witness is expected to testify" for each of plaintiff's 13 disclosed non-retained experts.

Defendants base their motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the declaration of James F. Hannawalt, the pleadings and records on file in this case, and on such oral argument as may be presented at the hearing of this motion.

Dated: January 25, 2012

                              DENNIS J. HERRERA
                              City Attorney
                              JOANNE HOEPER
                              Chief Trial Deputy
                              JAMES F. HANNAWALT
                              Deputy City Attorney

                     By: /s/ *James F. Hannawalt*
                            JAMES F. HANNAWALT

                            Attorneys for Defendant
                            CITY AND COUNTY OF SAN FRANCISCO

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION & FACTUAL BACKGROUND

On December 30, 2011, plaintiff served an insufficient expert disclosure report, designating retained experts John Casaus (police practices) and Dr. Gary Belaga, as well as 13 non-retained experts. *See* Declaration of James Hannawalt, Exh. A (Plaintiff Jorge Pineda and Tita Guzman's FRCP 26 Expert Disclosure Declaration). Specifically, the Expert Disclosure was insufficient in that (1) it did not include a reports by the retained experts Mr. Casaus and Dr. Belaga (2) it did not include lists of the cases in which Mr. Casaus and Dr. Belaga testified as an expert at trial or by deposition within the preceding four years, all required by Rule 26(a)(2)(B).[1] Dr. Belaga's report also fails to provide the information upon which his opinion is based or any opinion of causation of plaintiff's current complaints. In addition, plaintiff disclosed 13 names on treating health care providers without complying with FRCP 26(a)(2)(C).[2]

On January 6, 2012, defense counsel wrote to meet and confer with plaintiff's counsel, objecting to the deficient disclosure and requesting that plaintiff withdraw the retained experts based on the failure to comply with FRCP 26(a)(2)(B). In addition, and with regard to the non-retained experts, defense counsel's January 6, 2012 letter asked plaintiff to provide "the facts and opinions to which the witness is expected to testify" no later than January 13, 2012. Declaration of James Hannawalt, Exh. B.

Plaintiff's counsel and defense counsel exchanged meet and confer correspondence on January 9, 2012. Declaration of James Hannawalt, Exh. C and D.

On January 13, 2012, plaintiff served Plaintiff Jorge Pineda and Tita Guzman's Supplemental FRCP Expert Disclosure Declaration. Declaration of James Hannawalt, Exh. B. This supplemental

---

[1] Federal Rule of Civil Procedure 26(a)(2)(B) states: "the disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case. . . ." The report shall contain . . . the data or other information considered by the witness in forming the opinions; . . . and a listing of any other cases in which the witness has testified as an expert a trial or by deposition within the preceding four years."

[2] Federal Rule of Civil Procedure 26(a)(2)(C) states: " if a witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705, and (ii) a summary of the facts and opinions to which the witness is expected to testify."

disclosure too is deficient. The report from Mr. Casaus was not prepared until January 10, 2012, eleven days after the report was due, and the report contains no list of the cases in which Mr. Casaus testified as an expert at trial or by deposition within the preceding four years as required by FRCP 26(a)(2)(B). The report of Dr. Belaga was not prepared until January 5, 2012, six days after it was due. The Dr. Belaga report is also deficient because it fails to include the data or other information considered by the witness in forming the opinions, or a listing of any other cases in which the witness has testified as an expert a trial or by deposition within the preceding four years as required by FRCP 26(a)(2)(B).  Furthermore, Dr. Belaga's report states no opinion that the findings on examination by Dr. Belaga were causally related to Jorge Pineda's detention by the San Francisco police on March 10, 2010.

Plaintiffs" belated and deficient disclosure of retained expert information is inherently prejudicial.  Because defendant timely and fully complied with the FRCP 26 and the court's order regarding the timing of expert disclosure, the defense experts' opinions were available to plaintiffs' experts before these experts ever prepared their reports in this case. Furthermore, the deficiencies that remain in the retained experts' reports unfairly hamper the trial preparation of the defense.

Plaintiffs' designation of non-retained experts also remains deficient.  The supplemental disclosure fails to state the "facts and opinions to which the witness is expected to testify" as required by FRCP 26(a)(2)(C).  This defect was not remedied by the boilerplate language inserted 13 times in the supplemental disclosure that "Dr. ___ will present factual and opinion testimony on causation, diagnosis, prognosis, extent of disability based on treatment/radiological review."  This language fails to inform the reader of the facts and opinions that will be presented in the witness' testimony. The purpose of the disclosure is to enable the defense to make an informed decision which of the non-retained experts to depose to prepare for trial. However, with the plaintiffs' supplemental disclosure, if the defense wants to know the witness' opinion(s) that may be presented at trial and whether it is necessary to prepare a defense on those issues or if they are areas of agreement, then defendant must go ahead conduct the 13 depositions. Therefore, the supplemental disclosure fails to comply with the spirit and the letter of FRCP 26(a)(2)(C).

Plaintiff's failure to state the "facts and opinions to which the witness is expected to testify" as required by FRCP 26(a)(2)(C) prejudices the defense by requiring defendant to depose 13 witnesses to obtain the information that Rule 26 requires plaintiff to put in the disclosure and which plaintiff has failed to provide in either the original or the supplemental disclosure.

Plaintiff has still failed to comply with Federal Rule of Civil Procedure 26.  Therefore, pursuant to Federal Rule of Civil Procedure 37, defendants request that plaintiffs' retained and non-retained experts be excluded from testifying at trial.

## II.     AUTHORITY

### A.     Plaintiffs' Failure To Serve Proper Expert Reports And Disclosure Pursuant To Rule 26  Prejudices Defendants And As A Result This Court Should Exclude Plaintiffs' Experts From Testifying At Trial.

Plaintiff's failure to adhere to Rule 26 has substantial consequences.  Absent justification for failure to provide an expert report, a party "is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. § 37(c)(1).  Amended in 1993, Rule 37 was broadened to create stricter adherence to discovery requirements and "harsher sanctions for breaches of [Rule 26]." *Klonoski v. Mahlaw*, 156 F.3d 255, 269 (1st Cir. 1998).  The Advisory Committee Notes describe the sanction as an automatic consequence, which serves as a strong inducement for disclosure of persons and documents.  Fed. R. Civ. P. 37 advisory committee note (1993).  Rule 37(c)(1) further states that "[I]n addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) . . . "

Plaintiff's failure to comply with Rule 26(a)(2)(B) and Rule 26(a)(2)(C) warrants exclusion of John Casaus and Dr. Belaga, as well as plaintiffs' treating health care providers, as a testifying experts at trial.  *See Carr v. Deeds*, 453 F.3d 593, (4th Cir. 2006) (District court did not abuse its discretion in excluding plaintiff's expert witness for plaintiff's failure to comply with expert disclosure rule in action alleging that state troopers unconstitutionally employed deadly force during an attempted arrest; expert report attached to complaint did not provide information about expert's qualifications, publications, compensation, or other cases he had testified in as expert, and plaintiff's failure to disclose prejudiced defendants in their ability to defend against expert's accusations in a timely fashion.); *Self v. Equilon*

1  *Enterprises, LLC*, 2007 WL 1880739 (E.D. Mo., June 29, 2007) (granting motion to exclude expert for
2  failure to provide sufficient expert report under Rule 26(a)(2)(B))

## CONCLUSION

Despite the clear language of Federal Rule of Civil Procedure 26 and meet and confer efforts by defense counsel, plaintiff has failed to comply with Federal Rule of Civil Procedure 26.  Therefore, pursuant to Federal Rule of Civil Procedure 37, defendants request that plaintiffs' retained experts John Casaus and Dr. Belaga be excluded from testifying at trial, and that plaintiff's non-retained experts be excluded from testifying at trial.  In the alternative, In the alternative, defendants request that:

(i) plaintiff immediately produce Mr. Casaus's list of cases in which he testified as an expert at trial or by deposition within the preceding four years and then make him available for deposition;

(ii) plaintiff immediately produce Dr. Belaga's list of cases in which he testified as an expert at trial or by deposition within the preceding four years, provide a statement of all the information upon which his opinion is based, and exclude at trial any opinion that plaintiff's detention was a legal cause of plaintiff's current complaints, and then make him available for deposition;

(iii) plaintiff immediately produce a statement of the "facts and opinions to which the witness is expected to testify" for each of plaintiff's 13 disclosed non-retained experts.

Dated:  January 25, 2012

                    DENNIS J. HERRERA
                    City Attorney
                    JOANNE HOEPER
                    Chief Trial Deputy
                    JAMES F. HANNAWALT
                    Deputy City Attorney


By: /s/ *James F. Hannawalt*
     JAMES F. HANNAWALT

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO