UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JORGE PINEDA, an individual, TITA GUZMAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C 11-0457 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE**<br><br>Docket 26. |

The parties are presently before the Court on Defendant City and County of San Francisco's ("Defendant") motion to exclude Plaintiffs' experts from testifying at trial. Dkt. 26. Plaintiffs Jorge Pineda ("Pineda") and Tita Guzman ("Guzman") (collectively, "Plaintiffs") oppose the motion. Dkt. 30. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART the motion to exclude, for the reasons stated below. Plaintiffs may provide Defendant with amended expert disclosures as allowed by this Order no later than seven (7) days from the date of this Order. Failure to timely comply with this deadline or Order will result in the exclusion of Plaintiffs' experts. Defendant's request to extend the expert discovery deadline is DENIED without prejudice to its renewal, if appropriate. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## II.   BACKGROUND

On January 31, 2011, Plaintiffs filed the instant action against Defendant alleging nine claims for relief. Compl., Dkt. 1. The complaint alleges federal claims for violations of 42 U.S.C. § 1983 and state law claims for assault, battery, civil conspiracy to commit assault and battery,

negligence, false arrest/false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.  See id.

On May 26, 2011, this Court issued a Case Management Scheduling Order, stating that: "Plaintiff shall designate any experts by 12/30/11; defendant by 12/30/11; rebuttal disclosure by 1/31/12.  Any expert not so named may be disallowed as a witness.  No expert will be permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in response to an appropriate question or interrogatory from the opposing party.  Expert discovery shall be completed by 2/24/12."  Dkt. 20.

On December 30, 2011, Plaintiffs disclosed the identity of their expert witnesses as required by the Scheduling Order, listing two retained experts and thirteen non-retained experts. Pls.' Opp., Exh. A.  In a letter dated January 6, 2012, Defendant informed Plaintiffs that it objects to John Casaus and Dr. Gary Belaga[1] as designated experts in this case on the grounds that Plaintiffs' expert disclosure failed to include an expert report and other necessary materials as required for a retained expert under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Hannawalt Decl., Exh. B, Dkt. 27.  Defendant requested that Plaintiffs withdraw the retained experts based on the failure to comply with Rule 26(a)(2)(B).  Id.  In addition, the letter stated that Defendant objects to Plaintiffs' disclosure of non-retained experts on the ground that the disclosure contains inadequate summaries of the "facts and opinions to which the witness is expected to testify" as required by Rule 26(a)(2)(C).  Id.  Due to the inadequate summaries,[2] Defendant requested a supplemental disclosure with details regarding the fact and opinion testimony expected to be given by Plaintiffs' designated non-retained experts by no later than January 13, 2012.  Id.

On January 10, 2012, Plaintiffs disclosed the written expert reports of Mr. Casaus and Dr. Belaga.  Pls.' Opp, Exh. G.  On January 13, 2012, Plaintiffs served a supplemental Rule 26 expert

---

[1] Mr. Casaus is purportedly an expert on the use of force by police officers.  Dr. Gary Belaga is a neurologist.  Pls.' Opp., Exh. A.

[2] Plaintiffs' initial expert disclosure merely identified the names of twelve non-retained treating experts, and stated that an unidentified thirteenth individual from the billing department of St. Luke's Hospital will testify as to "the reasonableness of healthcare costs generated for medical treatment and medical testing rendered to the Plaintiff."  Pls.' Opp., Exh. A.

disclosure declaration.  Hannawalt Decl. ¶ 6, Exh. E.  According to Defendant, this disclosure is also deficient under Rule 26.  Def.'s Mtn. at 3-4.

On January 25, 2012, Defendant filed a motion to exclude Plaintiffs' experts from testifying at trial.  Dkt. 26.  Also on January 25, 2012, Defendant filed an administrative motion to shorten time, requesting that a hearing on its motion to exclude be set for February 7, 2012 or February 14, 2012. Dkt. 24.  On February 2, 2011, this Court granted the motion to shorten time.  Dkt. 29.  In that Order, the Court directed Plaintiffs to file an opposition to Defendant's motion to exclude by no later than February 8, 2012, and Defendant to file a reply by no later than February 10, 2012.  Id.

Plaintiffs filed an opposition on February 8, 2012.  Dkt. 30.  A reply was filed by Defendant on February 9, 2012.  Dkt. 32.

## II. DISCUSSION

### A. Exclusion of Plaintiffs' Retained Experts

Defendant contends that Plaintiffs' retained experts, Mr. Casaus and Dr. Belaga, should be excluded from testifying at trial because their expert reports were untimely disclosed and because both reports are deficient in that they do not include the list of cases in which the expert has testified as an expert at trial or by deposition within the preceding four years as required by Rule 26(a)(2)(B).  In addition, Defendant contends that Dr. Belaga should be excluded from testifying at trial because his expert report fails to provide the data or other information upon which his opinions are based or any opinion as to a causal relationship between Pineda's detention and his current complaints of headache, neck pain, and extremity pain.  Defendant maintains that exclusion of these experts is warranted under Rule 37(c)(1) because Plaintiffs failed to offer a substantial justification for the untimely and deficient written expert reports.

#### 1. Rule 26

Rule 26 governs discovery and the duty to disclose.  Subsection (a)(2) governs disclosure of expert testimony.  It states that each party must disclose to the opposition the identity of any expert witness.  Fed.R.Civ.P. 26(a)(2)(A).  That disclosure must be accompanied by a written report containing: (1) a complete statement of all opinions the witness will express and the basis and

reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case.  Fed.R.Civ.P. 26(a)(2)(B).  A party must provide its expert witness disclosures "at the times and in the sequence that the court orders."  Fed.R.Civ.P. 26(a)(2)(D).  Rule 37(c)(1) gives teeth to these requirements by automatically excluding any evidence not properly disclosed under Rule 26(a), irrespective of the party's bad faith or willfullness.  <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, the Court finds that the expert reports of Mr. Casaus and Dr. Belaga were untimely disclosed and are deficient under Rule 26(a)(2)(B).  The deadline to disclose the reports was December 30, 2011, but Plaintiffs did not disclose the reports until January 10, 2012.  As for the requirements of Rule 26(a)(2)(B), the Court finds that both expert reports are deficient in that neither report contains a list of all of cases in which, during the previous 4 years, the expert has testified as an expert at trial or by deposition.

In addition, the Court finds that Dr. Belaga's expert report is deficient under Rule 26(a)(2)(B) because it does not contain a complete statement of all the opinions Dr. Belaga will express and the basis and reasons for them.  While Plaintiffs assert that Dr. Belaga "will present expert testimony as to the neurological findings of . . . Pineda's condition after being forcibly detained with excess by the police," Dr. Belaga's report does not contain a statement of any opinion that he will express and the basis and reason for that opinion.  Hannawalt Decl., Exh. E.  In the "History of Present Illness" section of the report, Dr. Belaga states that Pineda suffered strain injuries to his neck, back, and extremities when he was restrained and placed in handcuffs.  <u>Id.</u>  The report, however, does not state that Dr. Belaga will render an opinion at trial on the cause of the injuries complained of by Pineda.  <u>Id.</u>  In fact, the report does not specifically state that Dr. Belaga has formed any opinions about which he would testify to at trial.  In short, Dr. Belaga's report violates Rule 26 because it does not contain opinions that are properly and thoroughly set forth and

supported. See Salgado ex rel. Salgado v. Gen. Motors Corp., 150 F.3d 735, 741 n. 6 (7th Cir. 1998) (expert reports must be "detailed and complete"; a complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefore) (citing Fed.R.Civ.P. 26, Advisory Committee's Note (1993)).

### 2. Rule 37(c)(1)

Having found violations of Rule 26(a)(2)(B) and Rule 26(a)(2)(D), the Court turns to the question of an appropriate remedy. Sanctions for violation of Rule 26(a) are set forth in Rule 37(c), which provides that when a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence on a motion, at a hearing, or at trial, unless it establishes that the failure was substantially justified or is harmless.[3] Fed.R.Civ.P. 37(c)(1); see also Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011); Yeti, 259 F.3d at 1106. The Advisory Committee Notes describe Rule 37(c)(1) as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material . . ." Yeti, 259 F.3d at 1106 (citing Fed.R.Civ.P. 37, Advisory Committee's Note (1993)). The text of Rule 37 also indicates, however, that consideration must be given to the harm, if any, caused by the alleged failure. Fed.R.Civ.P. 37(c)(1); see also Fed.R.Civ.P. 37 Advisory Committee's Note (1993) ("Limiting the automatic sanction to violations 'without substantial justification' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations."). The party facing the sanctions has the burden to prove that the failure to comply was either substantially justified or harmless. See Carr v. Deeds, 453 F.3d 593, 602 (4th Cir. 2006) ("It is the burden of the party facing sanctions to show that the failure to comply was

---

[3] In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. Fed.R.Civ.P. 37(c)(1). In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), and may include informing the jury of the failure to make the disclosure. Id.

either substantially justified or harmless."); see also Yeti, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

Here, Plaintiffs argue that exclusion of their experts' testimony is not warranted under Rule 37(c)(1) because the failure to comply with Rule 26 is both substantially justified and harmless. These issues are discussed in turn below.

### a. Substantial Justification

As for substantial justification, the Court finds that Plaintiffs have not demonstrated that their failure to timely disclose their experts' reports in compliance with Rule 26 was substantially justified. First, the Court finds that the reasons offered by Plaintiffs as to the untimely disclosure of the expert reports amounts to nothing more than poor case management and lack of care and due diligence. For instance, Plaintiffs failure to timely obtain evidence before the expert disclosure deadline does not constitute substantial justification for the untimely disclosure of Mr. Casaus' report. The failure was not attributable to reasons that were outside the control of Plaintiffs. Moreover, Plaintiffs could have, but did not, seek relief from the Court in the form of requesting an extension of time to disclose Mr. Casaus' report. In addition, Plaintiffs failure to discover Pineda's "residual injuries warranting a neurologist's examination" until November 30, 2011 does not constitute substantial justification for the untimely disclosure of Dr. Belaga's report. Even assuming that Pineda was out of the country from March 2010 until October 5, 2011 as Plaintiffs claim, Plaintiffs have failed to explain why an expert report could not have been prepared by the expert disclosure deadline of December 30, 2011. According to Plaintiffs, an appointment to see a neurologist was not made until January 5, 2012, five days after the expert disclosure deadline and three months after Pineda returned to the United States. Plaintiffs offer no reason why an appointment with Dr. Belaga could not have been made earlier. Nor have Plaintiffs explained why they did not seek an Order from this Court extending the expert disclosure deadline.

Second, the Court finds that Plaintiffs did not offer substantial justification for disclosing expert reports that do not comply with the requirements of Rule 26(a)(2)(B). Contrary to Plaintiffs' contention, the fact that neither expert "has a ready list of their cases available" does not constitute substantial justification for failing to comply Rule 26(a)(2)(B)'s requirement that an

expert's report contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."[4] Finally, the Court notes that Plaintiffs did not argue that Dr. Belaga's failure to prepare an expert report in compliance with the requirements of Rule 26(a)(2)(B) is substantially justified.

### b. Harmlessness

As for harmlessness, Plaintiffs have provided no argument as to why their failure to comply with Rule 26 is "harmless." Defendant, for its part, argues that Plaintiffs' belated and deficient expert disclosure is prejudicial because the defense experts' opinions were available to Plaintiffs' experts before these experts prepared their reports and because the deficiencies unfairly hamper the trial preparation of the defense. While the Court does not countenance Plaintiffs delay in producing their experts' reports, ultimately the delay is harmless. Plaintiffs' expert reports were disclosed eleven days late. The reports were provided sufficiently in advance of the expert discovery deadline to allow Defendant to prepare for and take the experts' depositions. The reports were disclosed on January 10, 2012 and the expert discovery deadline was February 24, 2012. Defendant did not argue that delay alone would prevent it from completing expert discovery by the deadline. Therefore, Plaintiffs' failure to comply with Rule 26 in this regard does not warrant the harsh sanction of excluding the experts from testifying at trial.

The Court, however, finds that Plaintiffs' failure to timely provide an expert report that contains the list of all the cases in which Mr. Casaus testified as an expert at trial or by deposition during the previous 4 years is not harmless. The incomplete expert report is prejudicial to Defendant in that it undermines Defendant's ability to properly prepare for an effective deposition or cross-examination of Mr. Casaus. Plaintiffs, for their part, contend that they provided Defendant with the list of all the cases Mr. Casaus testified as an expert during the previous four years on

---

[4] Plaintiffs do not elaborate on why their experts do not have "a ready list of cases available" other than to assert that Dr. Belaga does not keep records of the cases in which he provides expert testimony. The Court notes that Plaintiffs' excessive force expert, Mr. Casaus, claims that he has been an "expert witness on police practice cases for the past twelve years." Hannawalt Decl., Exh. E. His expert report asserts that he has "provided expert testimony in California Superior Court and Federal Courts as an investigator and expert witness in excess of one hundred cases." Id. Based on Mr. Casaus' experience testifying as an expert in federal court, Mr. Casaus should have a list of cases in which he has testified as an expert readily available.

1  February 9, 2012, 41 days after the expert disclosure deadline.  See Pls.' Opp., Exh. H.  A review
2  of that supplemental disclosure, however, reveals that Plaintiffs have not listed the case numbers of
3  the four cases identified or indicated whether Mr. Casaus' testimony came at deposition or trial.
4  Thus, this untimely supplemental disclosure is also deficient under Rule 26.  Accordingly, because
5  Plaintiffs failed to demonstrate that their failure to timely comply with the requirements of Rule
6  26(a)(2(B) was substantially justified or is harmless, Mr. Casaus is precluded from testifying at
7  trial or offering his opinion for any other purpose in this case under Rule 37(c)(1).
8      Finally, the Court finds that Dr. Belaga's untimely and deficient expert report is not
9  "harmless."  Dr. Belaga's incomplete report undermines Defendant's ability to meaningfully
10 depose or cross-examine Dr. Belaga regarding his expert opinions, the reasons and bases therefore,
11 and the facts or data he considered in forming his opinions.  However, given the importance of this
12 witness to Plaintiffs' case and the fact that trial is not scheduled to commence until June 4, 2012
13 (Dkt. 20), the Court finds that the harsh sanction of exclusion is unwarranted.  Rather than
14 excluding Dr. Belaga's expert report in its entirety, the Court will exercise its discretion under Rule
15 37 and afford Plaintiffs the opportunity to submit an amended expert report in full compliance with
16 Rule 26(a)(2)(B).  Accordingly, Plaintiffs must serve an amended disclosure no later than seven (7)
17 days of the date of this Order which complies with all the requirements of Rule 26(a)(2)(B).  This
18 amended disclosure must contain, among other things, the case names and numbers in which Dr.
19 Belaga testified as an expert during the last four years.[5]  It also must contain a statement of the
20 opinions that Dr. Belaga will express at trial and the bases for those opinions.  Plaintiffs' failure to
21 timely serve an amended disclosure in compliance with Rule 26 will result in the exclusion of Dr.
22 Belaga under Rule 37(c)(1).

---

26  [5] Plaintiffs assert that they provided Defendant with the list of all the cases Dr. Belaga
27 testified as an expert during the previous four years on February 9, 2012.  See Pls.' Opp., Exh. J.  A
   review of that disclosure shows that Plaintiffs have not listed any case in which Dr. Belaga has
   testified or indicated whether Dr. Belaga's testimony came at deposition or trial.  As such,
28 Plaintiffs' supplemental disclosure does not comply with Rule 26(a)(2)(B).

**1**    **B.    Exclusion of Plaintiffs' Non-Retained Experts**

**2**    Defendant contends that Plaintiffs' non-retained experts should be excluded from testifying

**3** at trial because Plaintiffs have failed to provide a meaningful summary of the facts and opinions to

**4** which these witnesses will testify as required by Rule 26(a)(2)(C).

**5**    A party must disclose to the other parties the identity of any witness it may use at trial to

**6** present expert testimony.  Fed.R.Civ.P. 26(a)(2)(A).  "Unless otherwise stipulated or ordered by

**7** the court, this disclosure must be accompanied by a written report . . . if the witness is one retained

**8** or specially employed to provide expert testimony . . ."  Fed.R.Civ.P. 26(a)(2)(B).  However, in

**9** cases where a full report is not required under Rule 26(a)(2)(B), a party is required to disclose the

**10** subject matter on which the witness is expected to present evidence and a summary of the facts and

**11** opinions to which the witness is expected to testify.  Fed.R.Civ.P. 26 (a)(2)(C).  The Advisory

**12** Committee Notes explain that Rule 26(a)(2)(C) mandates "summary disclosures of the opinions to

**13** be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and

**14** of the facts supporting those opinions."  Fed.R.Civ.P. 26, Advisory Committee's Note (2010)

**15** (noting that physicians or other health care professionals are common examples of witnesses

**16** exempt from Rule 26(a)(2)(B)'s written report requirement); see Goodman, 644 F.3d at 826

**17** (treating physicians are exempt from Rule 26(a)(2)(B)'s written report requirement to the extent

**18** that their opinions were formed during the course of treatment).

**19**    Here, Plaintiffs disclosed thirteen non-retained experts on December 30, 2011.  In response

**20** to Defendant's objection to this disclosure, Plaintiffs provided a supplemental disclosure on or

**21** around January 13, 2012, two weeks after the expert disclosure deadline.  See Hannawalt Decl.,

**22** Exhs. B-C, E.  With regard to Plaintiffs' twelve non-retained "treating physician experts,"

**23** Plaintiffs' supplemental disclosure states that the witnesses "will present factual and opinion

**24** testimony on causation, diagnosis, prognosis, [and] extent of [Pineda's] disability" based on the

**25** expert's treatment or radiological review of Pineda's medical records.  See Hannawalt Decl., Exh.

**26** E.  With regard to Plaintiffs' thirteenth non-retained witness, Plaintiffs' supplemental disclosure

**27** states that an unidentified witness from "St. Luke's Hospital Billing Department . . . will discuss

**28**

**1**  the reasonableness of healthcare costs generated for medical treatment and medical testing
**2**  rendered to Plaintiff." Id.
**3**        The Court finds that Plaintiffs' supplemental disclosure does not comply with Rule
**4**  26(a)(2)(C).  Plaintiffs' untimely supplemental disclosure does not contain a summary of the facts
**5**  and opinions to which each witness will testify within the meaning and requirements of Rule 26
**6**  (a)(2)(C).[6]  Plaintiffs' disclosure fails to include any facts on which their non-retained experts will
**7**  rely, nor does it state the opinions to which they are expected to testify.
**8**        In their opposition, Plaintiffs have not offered any argument as to why their lack of
**9**  compliance with Rule 26 is "substantially justified" or "harmless," which could excuse them from
**10** the sanction of exclusion.  Fed.R.Civ.P. 37(c)(1).  While Rule 26 was recently amended to add
**11** Rule 26(a)(2)(C), the Court finds that Plaintiffs' non-compliance with this provision is not
**12** "substantially justified," particularly since Defendant specifically explained to Plaintiffs on January
**13** 6, 2012 how their disclosure of non-retained experts was deficient under Rule 26(a)(2)(C).  See
**14** Hannawalt Decl., Exh. B.  The Court also finds that Plaintiffs' lack of compliance is not harmless;
**15** Defendant is prejudiced by the insufficient disclosure.  Without information as to the opinions
**16** Plaintiffs' non-retained expert witnesses are expected to testify to and the main facts on which
**17** these opinions are based, Defendant's ability to meaningfully depose or cross-examine these
**18** witnesses is undermined.  Further, absent disclosure of the information required under Rule
**19** 26(a)(2)(C), Defendant cannot make an informed decision on which, if any, of the twelve treating
**20** physicians it should depose.  Indeed, as Defendant points out, given the inadequate disclosure,
**21** Defendant is relegated to deposing all thirteen non-retained experts in order to determine what
**22** these experts will testify to at trial.
**23**       Although Plaintiffs' failure to timely comply with Rule 26(a)(2)(C) is neither substantially
**24** justified nor harmless, and the Defendant's objections have merit, the Court nonetheless will not
**25** impose the harsh sanction of excluding all thirteen of Plaintiffs' non-retained experts from
**26**

---

**27**      [6] Plaintiffs' disclosure with respect to their thirteenth non-retained expert also violates Rule 26(a)(2)(A), which requires a party to disclose the identity of any expert witness it may use at trial
**28** to present evidence.

1 testifying at trial. The Court will grant Defendant's motion as to ten of these witnesses and deny it
2 as to three. The Court will afford Plaintiffs the opportunity to provide an amended Rule
3 26(a)(2)(C) disclosure summarizing the opinions of three non-retained experts and the facts that
4 support those opinions. Failure to timely serve an amended expert disclosure in compliance with
5 this Order will result in the exclusion of these witnesses under Rule 37(c)(1).

      **C.     Defendant's Request to Extend the Expert Discovery Deadline**

7       The Court is mindful of the additional time and expense that Defendant may incur as a
8 result of Plaintiffs' failure to comply with Rule 26. Therefore, the Court orders Plaintiffs to
9 immediately advise Defendant and this Court in writing if they intend on providing amended expert
10 disclosures consistent with this Order. If Plaintiffs elect to provide amended expert disclosures,
11 Plaintiffs, as a sanction under Rule 37(c)(1), shall pay all reasonable expenses incurred by
12 Defendant in their attempt to accommodate the late disclosures. Plaintiffs, of course, may elect not
13 to call theses witnesses, which obviates the need for the sanction. However, as noted, a failure to
14 provide amended disclosures will result in the exclusion of Dr. Belaga and the remaining non-
15 retained experts.
16       In light of the foregoing, the Court concludes that it is premature to rule on Defendant's
17 request to extend the expert discovery deadline. In the event that Plaintiffs provide amended expert
18 disclosures in compliance with this Order, Defendant may file a motion to extend the expert
19 discovery deadline, if necessary. Plaintiffs' failure to provide expert disclosures that comply with
20 this Order, or election not to use the experts, obviates the need for the extension. Accordingly,
21 Defendant's request to extend the discovery deadline is DENIED without prejudice to its renewal,
22 if appropriate.

23 **III.    CONCLUSION**
24       For the reasons stated above, IT IS HEREBY ORDERED THAT:
25       1.     Defendant's motion to exclude is GRANTED IN PART AND DENIED IN PART.
26       2.     Defendant's motion to exclude is GRANTED with respect to Mr. Casaus and
27 DENIED with respect to Dr. Belaga. The motion is GRANTED IN PART AND DENIED IN
28

PART with respect to Plaintiffs' non-retained experts.  The Court excludes ten of the thirteen non-retained experts identified by Plaintiffs.

       3.      Plaintiffs shall have seven (7) days from the date of this Order to provide Defendant with amended expert disclosures in compliance with this Order.  Failure to timely comply with this deadline or Order will result in exclusion of Plaintiffs' experts.

       4.      Defendant's motion to extend the expert discovery deadline is DENIED without prejudice to its renewal, if appropriate.

       5.      To the extent Plaintiffs wish to call any of the witnesses allowed by this Order, Plaintiffs, as a sanction under Rule 37(c)(1), shall pay all reasonable expenses incurred by Defendant as a result of their failure to comply with Rule 26.

       6.      This Order terminates Docket 26.

IT IS SO ORDERED.

Dated: 3/9/12

                                                SAUNDRA BROWN ARMSTRONG
United States District Judge